COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-08-077-CV

 

 

DAVID
SCOT LYND                                                              APPELLANT

 

                                                   V.

 

NORTHWOOD
MHC, L.P. D/B/A NORTHWOOD                            APPELLEE

 

                                               ----------

 

             FROM THE 158th
DISTRICT COURT OF  DENTON COUNTY

 

                                              ------------

 

                  MEMORANDUM OPINION[1]
AND JUDGMENT

 

                                              ------------

 








On May 7, 2008, this court issued an order
affirming the trial court=s order sustaining a contest to
appellant=s affidavit of inability to pay
because, after reviewing the record from the trial court=s
hearing on the contest, we concluded that the trial court did not abuse its
discretion because the evidence supported the trial court=s order
sustaining the contest.  Appellant
subsequently filed a motion for rehearing that was denied without opinion on
May 22, 2008.          On June 10, 2008, we notified appellant, in accordance with
rule of appellate procedure 42.3(c), that we would dismiss this appeal unless
the $175 filing fee was paid on or before June 20, 2008.  See Tex.
R. App. P. 42.3(c).  Appellant has
not paid the $175 filing fee.[2]  See Tex.
R. App. P. 5, 12.1(b).

Because appellant has failed to comply with a
requirement of the rules of appellate procedure and the Texas Supreme Court=s order
of August 28, 2007,[3]
we dismiss the appeal.  See Tex. R. App. P. 42.3(c), 43.2(f).

 








Appellant shall pay all costs of this appeal, for
which let execution issue.  See Tex. R. App. P. 43.4.

PER
CURIAM

 

 

PANEL D:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

 

DELIVERED:  June 26, 2008 











[1]See Tex. R. App. P. 47.4.





[2]Recently, appellant
submitted to the trial court an Aupdated affidavit of indigency@ arguing that because he
testifies in the affidavit that he is currently receiving governmental
entitlement, pursuant to Texas Rule of Civil Procedure 145, he is indigent
under the law and not required to pay costs of appeal.  See Tex.
R. Civ. P. 145.  He asserts that Aproof of governmental
entitlement, in affidavit, is and does constitute payment, and or payment
arrangements for any and all fees, required for the appeal[.]@  Without addressing the improper procedure
undertaken by appellant to put an amended affidavit before the court, or the
merits of his assertion, while testimony that a person is on public assistance
establishes a prima facie case of indigence, this prima facie showing may be
rebutted by evidence that he is not dependent on the assistance or that other
funds are available.  Griffin Indus.,
Inc. v. Thirteenth Court of Appeals, 934 S.W.2d 349, 351 (Tex. 1996).  The test for indigence is whether the party
would be able to pay costs Aif he really wanted to and made a good faith
effort to do so.@  Id. 






[3]See Supreme Court of Tex., Order
Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of
Appeals and Before the Judicial Panel on Multidistrict Litigation, Misc.
Docket No. 07-9138 (Aug. 28, 2007) (listing fees in courts of appeals).